**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**


UNITED STATES OF AMERICA        :

      v.        :        **Criminal Case No. RWT 09-0213**

MICHAEL HICKSON AND
ALVITA GUNN        :


## MEMORANDUM OPINION

In an Indictment dated April 22, 2009, Defendants Andrew H. Williams, Michael Hickson, Isaac Smith, and Alvita Gunn were accused of operating a ponzi scheme called Metro Dream Homes ("MDH"), resulting in over 1,000 investors investing approximately $70 million.  ECF No. 1.  On January 5, 2011, the Court severed Defendant Williams from the remaining co-defendants based on Williams' obstructive conduct pre-trial.  *See* ECF No. 249.

The trial for Hickson, Smith and Gunn commenced on January 11, 2011.  On February 18, 2011, the jury returned a unanimous verdict convicting on all counts, including conspiracy to commit wire fraud, wire fraud, and conspiracy to commit money laundering.  This memorandum opinion addresses three post-trial motions filed by Hickson, proceeding *pro se*,[1] two of which are joined by Gunn.

### I

On March 7, 2011, seventeen days after the jury returned its verdict, Hickson filed a Motion for New Trial pursuant to Rule 33(b)(2), ECF No. 365, which the Government opposed

---

[1] One week into trial, Mr. Hickson attempted to discharge his counsel, Anthony Martin, and requested a continuance of the trial in order to secure new counsel.  The Court denied Hickson's request.  The following day, Hickson announced his decision to represent himself.  After conducting a *Farretta* hearing, the Court permitted Hickson to represent himself and appointed Mr. Martin as standby counsel.  On February 2, 2011, Mr. Martin fell ill and Mark Carroll was appointed as alternate standby counsel in his place.  The motions discussed herein were filed after Hickson elected to proceed *pro se*.

as untimely and lacking merit.  ECF No. 366.  On March 17, 2011, Hickson filed a Motion for Enlargement of Time to File Post-Trial Motion *Nunc Pro Tunc*, arguing that he should in effect be given a three day extension because he did not have access to CM/ECF or PACER at the time of filing.  *See* ECF No. 371.  The Government opposed, arguing that Defendant's tardiness was not because of "excusable neglect."  *See* ECF No. 373.

On April 25, 2011, the Court held a hearing on these, and other, uncounseled post-trial motions filed by Hickson. Upon consideration of Hickson's motion for new trial, the opposition and replies thereto, and the argument of Hickson and counsel at the hearing, the Court denied Hickson's motion as untimely, and alternatively on the merits.  *See* ECF No. 417.

Since the April 25 hearing, Hickson has filed three additional motions to vacate the verdict or for new trial, styled as follows: (1) "Supplement to Motion for New Trial Based on Ineffective Assistance of Counsel" (ECF No. 437), (2) "Motion to Vacate Guilty Verdict Based on Brady/Giglio Violations" (ECF No. 429), and (3) "Motion for New Trial Based on Brady, Giglio Violation" (ECF No. 448).[2]  Each motion is analyzed in turn.

## II.

**A.  Hickson's "Supplement to Motion for New Trial Based on Ineffective Assistance of Counsel"**

The Court will first consider Hickson's "Supplement to Motion for New Trial Based on Ineffective Assistance of Counsel" (ECF No. 437).  This untimely, "supplemental" motion was filed without leave of court and largely duplicates the allegations in Hickson's previously denied motion for new trial.  *Compare* ECF No. 365, *with* ECF No. 437.   The Court will nonetheless treat this as a motion for reconsideration of the April 25 oral opinion and order denying

---

[2] Gunn moved to join the latter two motions.  *See* ECF Nos. 446, 452.

Hickson's original motion for new trial. For the reasons stated below, and on the record at the April 25 hearing, this motion is both untimely and without merit.

First, Hickson's original motion for new trial was untimely. Rule 33(b)(2) states that, "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33. Rule 45(b)(1)(B) provides that a district court may extend the time deadlines "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45 (1)(B).

Hickson concedes that his original motion for new trial was filed seventeen (17) days after the jury returned its verdict and was not based on newly discovered evidence. The Court previously denied Hickson's motion as untimely after determining that Hickson's tardiness was not because of excusable neglect.[3] *See* Hr'g Tr. 64: 7-16 April 25, 2011, ECF No. 426. A careful review of Hickson's "supplemental" motion reveals no basis for disturbing this ruling.

Second, even assuming Hickson failed to act because of excusable neglect, his allegation that Mr. Martin provided ineffective assistance of counsel prior to being discharged one week into the trial is wholly without merit. Hickson's primary complaints against Mr. Martin are: (1) Mr. Martin's alleged failure to secure addresses for 47 of 48 subpoenas of potential witnesses given to him by Mr. Hickson; (2) his failure to serve the subpoenas in a timely manner; (3) his failure to designate Mr. Dorner as an expert witness in a timely manner; (4) his failure to communicate with Mr. Hickson and Mr. Dorner for a period of two months leading up to the

---

[3] The Supreme Court has held that factors involved in analyzing excusable neglect include: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993). *See also Stutson v. United States*, 516 U.S. 193 (1996) (applying *Pioneer* excusable neglect analysis to criminal cases).

trial; and (5) his failure to locate vital discovery documentation when requested by Defendant (after Hickson elected to proceed *pro se*). *See* ECF Nos. 365, 437.

After hearing lengthy argument on these allegations at the April 25 hearing, including testimony from Mr. Dorner himself, the Court found Hickson's ineffective assistance of counsel arguments to be "utterly without foundation." Hr'g Tr. 62: 1-4 April 25, 2011. More specifically, the Court determined:

> It is clear that Mr. Hickson was a very difficult client, did not like the advice he was getting, advice that Mr. Martin was duty bound to give to him, some of which may not have been to his liking, and decided one week into the trial to see if the trial could be recessed to get a new lawyer, which was something the Court simply could not and would not do, and then Mr. Hickson made the unfortunate decision to represent himself, a decision which I think was unwise in all cases and was clearly unwise in this case.

*Id.* at 61: 6-14. Thus, in many ways, "Mr. Martin never had a chance to be effective for [Hickson] because he was discharged so promptly once the trial began." *Id.* at 62: 5-8. However, as the Court ultimately concluded, "all the way up until the time he was discharged, [Mr. Martin] provided competent counsel, meeting all of the standards set forth by the Supreme Court for effective representation." *Id.* at 63: 16-23

Hickson has offered no reason to conclude that the Court's analysis at the April 25 hearing was a clear error of law. "Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F.Supp.2d 407, 408 (D.Md.2002). Accordingly, Hickson's "Supplement to Motion for New Trial Based on Ineffective Assistance of Counsel," treated as a motion for reconsideration of the court's denial of his original motion for new trial (ECF No. 437), will be denied.

**B. Hickson's "Motion to Vacate Guilty Verdict Based on Brady/Giglio Violations"**

On May 25, 2011, Hickson filed a motion to vacate the guilty verdicts based on alleged discovery violations by the Government (ECF No. 429), which the Government opposed the same day (ECF No. 431). Gunn filed an unopposed motion to join Hickson's motion on June 15, 2011, which will be granted. (ECF No. 446).

Hickson's motion is at times difficult to understand, but appears to allege: (1) that Raymond Peroutka, a receiver for MDH and its related entities appointed by the Prince George's County Circuit Court (hereinafter "the Receiver"), inappropriately accessed monies in a bank account for one of the related entities, and (2) that the Government inappropriately withheld certain documents created by the Receiver that alleged shortcomings of MDH attorney Michael Ron Worthy. Although these issues were not formally briefed prior to the April 25 hearing, the Court heard argument and ultimately concluded that, "[t]he Government disclosed an overwhelming amount of information, and I have not been able to find any specific document that the Government withheld that would be in violation of its obligations under Brady, Giglio, Jencks or any reason." Hr'g Tr. 63:7-15 April 25, 2011. The Court finds no reason to disturb this ruling.

First, Hickson himself concedes that Bank of America determined that any request to divert the funds by the Receiver was the result of an appropriate Court order. *See* ECF No. 429, pp. 2-3. There has been no allegation in this investigation that the Receiver acted inappropriately, ECF No. 31, and the Court finds this argument to be without merit.

Second, Hickson does not even contend that the documents pertaining to Worthy allegedly withheld by the government were within the government's possession, custody or

control.  Thus, they do not appear to fall within the scope of Fed. R. Crim. P. 16.   Moreover, Worthy was not called as a government witness in this case, so his credibility was not at issue.

Hickson's "Motion to Vacate Guilty Verdict Based on Brady/Giglio Violations" (ECF No. 429) will accordingly be denied.

## C.  Hickson's "Motion for New Trial Based on Brady, Giglio Violation"

On June 15, 2011, Hickson filed a motion for new trial based on another purported Brady and Giglio violation (ECF No. 448), which the Government opposed the same day (ECF No. 447).[4]  Gunn filed an unopposed motion to join this motion as well (ECF No. 452), which will be granted.

This motion stems from Hickson's cross-examination of the Receiver and alleged prejudice suffered when the Court sustained an objection by counsel for co-defendant Smith regarding the direction of Hickson's cross-examination.   In short, during the Receiver's testimony, the government intentionally refrained from asking the Receiver how he and his firm came to be appointed as the receiver for MDH and its related entities.  ECF No. 447, p. 1.  The government did so in an exercise of discretion and to avoid the truthful, but potentially highly prejudicial, answer that a sitting state court judge determined that MDH was a fraudulent scheme warranting court-ordered receivership.  *Id.*

During cross-examination, Hickson repeatedly attempted to inquire into the very same circumstances that the government intentionally avoided.  After counsel for co-defendant Smith objected, the Court warned Hickson outside of the presence of the jury that he (and his co-defendants) may not like what was decided at the state court proceeding and suggested that he change his line of inquiry.  Trial Tr. 44-45 January 21, 2011.

---

[4] The Court has also received and considered Hickson's "Motion in Opposition of Government's Response to Motion for New Trial Based on Brady, Giglio Violation," filed on June 21, 2011, and treated here as a reply to the instant motion.

In the instant motion, Hickson paradoxically contends that he was somehow prejudiced by his inability to cross-examine the Receiver with this line of questioning. The absurdity of this contention is evidenced by co-defendant Smith's argument for new trial based on Hickson's cross-examination of the Receiver and the narrowly avoided prejudicial answers that Hickson apparently still seeks to elucidate. *See* ECF No. 435, p. 5. Hickson's "Motion for New Trial Based on Brady, Giglio Violation" (ECF No. 448) is without merit and will be denied.

### III

For the foregoing reasons, the Court will, by separate order, deny Hickson's "Supplement to Motion for New Trial Based on Ineffective Assistance of Counsel" (ECF No. 437), deny Hickson's "Motion to Vacate Guilty Verdict Based on Brady/Giglio Violations" (ECF No. 429), and deny Hickson's "Motion for New Trial Based on Brady, Giglio Violation" (ECF No. 448). Defendant Gunn's unopposed Motions to Join the latter two motions will be granted. (ECF Nos. 446, 452).

June 27, 2011

/s/
Roger W. Titus
United States District Judge