# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * Case No.: RWT 09cr213 |
| **HICKSON, SMITH AND GUNN** | * |
| Defendants. | * |

## MEMORANDUM OPINION

On February 18, 2011, a jury convicted Defendants Michael Hickson, Isaac Smith and Alvita Gunn ("Defendants") on all counts, including conspiracy to commit wire fraud, wire fraud, and conspiracy to commit money laundering. On June 27, 2011, the Court heard oral argument on Defendant Smith's Motion for New Trial (ECF Nos. 359 and 435), joined by Gunn, and denied the post-trial motion for the reasons stated on the record. On that same day, the Court entered an order denying Hickson's motions for new trial (ECF No. 429, 437, 448) for the reasons stated in the accompanying memorandum opinion.[1] *See* ECF Nos. 467 and 468. The Court then sentenced Hickson, Smith, and Gunn to terms of imprisonment.[2]

Defendants now move, by separate motions, for release pending appeal pursuant to 18 U.S.C. § 3143(b), (ECF Nos. 500, 502, 511). In support of their motions, Defendants rely on the same arguments previously raised and rejected by this Court in their motions for new trial. For the reasons stated below, and more fully both on the record at the June 27, 2011 hearing and

---

[1] Gunn joined two of Hickson's motions for new trial, ECF Nos. 429 and 448.
[2] Smith and Gunn were sentenced on June 27, 2011. Hickson was sentenced on July 1, 2011. A hearing on restitution is scheduled for September 19, 2011.

in the June 27, 2011 memorandum opinion, all three motions for release pending appeal will be denied.[3]

**I.**

Under § 3143(b), a Court may order release pending appeal if "by clear and convincing evidence . . . the person is not likely to flee or pose a danger to the safety of any other person or the community," § 3143(b)(1)(A) and the appeal:

> is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

A "'substantial question'" is "a 'close' question or one that very well could be decided the other way . . . Whether a question is 'substantial' must be determined on a case-by-case basis." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (quoting *United States v. Gianocola*, 754 F2d 898, 901 (11th Cir.1985)). The Defendant has the burden of proving that his or her appeal presents a substantial question.

**II.**

The Government does not contend that Defendants are a danger to the community or likely to flee. *See* ECF No. 501, fn1; ECF No. 503, fn 1; ECF No. 512, fn 1. The Court agrees.

---

[3] In the event the Court denied Gunn's motion for release pending appeal, Gunn requests an extension of her self-surrender date from August 15, 2011 to November 14, 2011. Upon consideration of Gunn's Supplemental Motion for Release Pending Appeal and/or Extension of Surrender Date (ECF No. 505), and the opposition thereto, the Court concludes that the requested extension is unwarranted and the motion will therefore be denied.

Accordingly, the issue before the Court is whether the Defendants raise on appeal a substantial question of law or fact likely to result in a reversal of their convictions or a reduced sentence as specified in § 3143(b).

### A. Smith and Gunn's Motions for Release Pending Appeal

Smith and Gunn's motions for release pending appeal rely primarily on the previously rejected arguments briefed in Smith's motion for new trial. They argue that they were prejudiced by both (1) Hickson's decision to represent himself a week into the trial, and (2) Hickson's trial strategy, specifically his decision to introduce exhibit Hickson 17. Their questions on appeal therefore center on the Court's denial of multiple motions to sever Hickson after he elected to proceed *pro se*, as well the denial of Smith's motion for mistrial premised on the grounds articulated above.

Although a successful appeal of this nature would likely result in a new trial, the Court fails to see how its denial of these motions present "a substantial question of law or fact." Under firmly established Fourth Circuit precedent, "[t]he grant or denial of a motion for severance or mistrial is within the trial court's discretion and will not be overturned absent a clear abuse of that discretion." *United States v. West,* 877 F.2d 281, 287-88 (4th Cir. 1989), *cert. denied,* 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989). Such an abuse of discretion will be found only where the trial court's decision to deny a severance "deprives the defendant[s] of a fair trial and results in a miscarriage of justice." *Person v. Miller*, 854 F.2d 545, 665 (4th Cir. 1988).

Neither the presence of a *pro se* co-defendant, nor an antagonistic defense strategy is prejudicial *per se*. *Id.* Rather, severance is justified "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539

(1993). Similarly, severance may be granted on the ground of mutually antagonistic defenses only if the defenses are truly "irreconcilable" to the extent that one defendant's claim of innocence depends upon a co-defendant's guilt. *Id.* at 538.

Neither situation is presented here. In regard to the Court's allegedly erroneous refusal to sever Smith and Gunn after Hickson elected to proceed *pro se*, the Court is (and was) well aware of the potential for prejudice resulting from a *pro se* co-defendant and indeed severed *pro se* defendant Andrew H. Williams earlier in the case after determining that such prejudice was likely to result. Such a drastic step was not required for Hickson. Although Hickson certainly made the occasional blunder and near blunder during trial (blunders that are occasionally made by experienced counsel), he displayed none of the obstructive conduct presented by Williams and instead appeared to make a good faith effort to comply with the Court's rules. As a result, the Court was able to minimize any prejudice by appointing standby counsel, diligently policing Hickson's conduct throughout the trial, and appropriately instructing the jury. *See United States v. Oglesby*, 764 F.2d 1273, 1275 (7th Cir. 1985). At end, Hickson was able to complete the trial to the satisfaction of the Court and without depriving Smith or Gunn of a fair trial. Thus, the Court remains unconvinced by Smith and Gunn's contention that the denial of the multiple motions to sever presents a substantial question on appeal.[4]

As for the allegedly antagonistic defense adopted by Hickson, the Court notes that all three Defendants seemingly centered their defenses on a lack of fraudulent intent and their misplaced belief and trust in the alleged mastermind of the fraudulent scheme, previously severed Defendant, Andrew H. Williams. Thus, Hickson's defense in many ways bolstered,

---

[4] Smith's reliance on *United States v. Von Spivey*, 895 F.2d 176 (4th Cir. 1990) is unpersuasive. Although the Fourth Circuit noted that the district court exercised sound discretion by severing a *pro se* defendant in *Von Spivey*, that finding clearly does not lead to the conclusion that this Court's individualized determination not to sever Hickson in this case constitutes a clear abuse of discretion likely to result in a reversal of Smith's conviction.

rather than diminished, the defenses of Smith and Gunn. Although, in hindsight, portions of Hickson's defense strategy were potentially unfavorable to Smith and Gunn,[5] the Court fails to see how Hickson's defense could reasonably be construed as so "irreconcilable" as to mandate severance.

Hickson's claim of innocence did not in any way depend on Smith or Gunn's guilt. *Zafiro*, 506 U.S. at 538. To the contrary, had the evidence at trial supported such a theory, the jury could well have believed that all three Defendants were persuaded by the undisputedly charismatic Andrew Williams such that they lacked the requisite intent to defraud. Smith and Gunn are understandably upset that the jury did not reach this conclusion. However, the Court sees no basis for concluding that they were unduly prejudiced by Hickson's performance as a *pro se* litigant or that he in any way prevented the jury from rendering its verdict in a reliable manner. *Id*. at 539.

In sum, the Court concludes that Smith and Gunn's assignment of error to its refusal to sever Hickson and/or declare a mistrial does not present a substantial question that could be decided either way. Nor have Smith and Gunn carried their burden of showing a substantial question of law or fact with the grab bag list of potential issues to be raised on appeal included at the end of their motions. Both motions for release pending appeal must accordingly be denied.

B. <u>Hickson's Motion for Release Pending Appeal</u>

Hickson's motion for release pending appeal hinges on the same arguments set forth in his multiple motions for new trial, namely: (1) his trial counsel, Anthony Martin, Esq., was ineffective and (2) the government withheld *Brady* material. As this Court stated in its June 27,

---

[5] The most notable example of Hickson's allegedly prejudicial trial strategy is exhibit Hickson 17. The Court notes that counsel for Smith and Gunn were given an opportunity to review this exhibit before Hickson presented his case, and neither objected to its admission into evidence, nor meaningfully challenged his accompanying testimony.

2011 Memorandum Opinion, Hickson's ineffective assistance of counsel arguments are "utterly without foundation." Memorandum Opinion, June 27, 2011, ECF No. 467. Further, the Court has been unable to find any document that the Government withheld that would be in violation of its obligations under *Brady*, *Giglio*, and/or *Jencks* and finds Hickson's remaining arguments to be absurd and totally without merit. *See id.* Because Hickson has not presented a substantial question on appeal, his motion for release pending appeal must also be denied.

    A separate order follows.

August 3, 2011                                                                           /s/
                                                                              Roger W. Titus
                                                                              United States District Judge